Per curiam

It is contended that before an executor can be charged de bonis propriis, some process should he issued against him, to wnicb tie .night, shew by pleading, that he ought not be charged de bonis propriis ; and certainly if in a case like the present, the Defendant may plead plene administravit, such process should go before a judgment'1 de bonis propriis shall be entered. It is to be considered then m ¡he first place, whether were a scLfa. now issued, could the Defendant be admitted :o plead to that, plene administravit — as to which, the rule in this case, as in all others. i« this, « here ihe Defendant to the original action might have pleaded a matter of defence, and failed to do it at the proper time allowed by law for that purpose, he can never afterwards, be admitted to plead that matter to any other suit grounded upon that original suit. He cannot plead to a sci. fa. any defence he might have pleaded to the original aclion out of which it is derived. Wow it is evident he might have pleaded plene administravit to ¡he former action, if the fact were such that he had fully administered; and therefore should a sci. fa. now issue, it could be of no service to the De-fendain, as to any defence die might set up under if. As to the manner of charging an executor de bonis propriis, •the practice has varied at different limes in different courts — sometimes they have proceeded by way of sci. fa, inquiry, whereupon nulla bona returned, the Sheriff'•> as Commanded to make the money as before; and if he could *346 find no goods of the testator, then to enquire by a jury wherher the Defendant had wasted; arid if thejm-y (bund a devastavit, then to return tlie verdict to court; «hereupon. there went out a sci. fa. against (he executor, to shew cause way the Plaintiff should not have satisfaction de bonis propriis. Off. of Executors, 166. At other times, tic practice hath been, for 'he Sheriff to return a devastavit; or if tie is unwilling fo do so, for the court to compel him to return a devastavit. Off. of Exe. 168. God. 199 — and thereupon, to issue, a writ of execution commanding hint to levy de bonis propriis ; or «here the Sheriff returns nulla bona, to issue a special fi.fa. coin «landing him to levy the debt de bonis tesiatoris, or if it could appear that the execute; ha" waso-d, &c. then to levy ir of his own goods. Off. of Exe. 167, > 68 5 Re. Pottifer’s case. As to the sci. fa. inquiry, and sci, fa. thereupon, if is said in the books before cited, that that course hath been long disused, it not, being so beneficial a course for the Defendant ás that which directs the Sheriff to return devastavit ; for that in the first case, if the verdict be wrong, the Defendant is without redress, no remedy lying against the jury — attaint will not lie, being not. a verdict upon an issue joined — and he lias no remedy against tito Sheriff’, for he is justified in his re'urn by the verdict However, the other way of returning a devastavit, seems equally useless ; for if the Defendant hath failed to plead a want of assets, it is an admission of them; and a jury will not have it in their power to say non devastavit. So if rite Sheriff after such omission, returns devastavit, he cannot be liable to an action for that return ; for the jury, as well as the Defendant, are estopped by the record, to say that he. did not waste as the Sheriff’ hat!) returned. Salk. 310. L. Ray. 589.— Either ofthe.se methods then can answer no valuable purpose — the Defendant by omitting coplead want of assets, becomes so absolutely liable to answer de bonis propriis, that no plea he can «take, nor .013 finding of a jury, can afterwards exempt him. If the Defendant can have no benefit by either of tiiese modes hut that of delay, it follows, that the law will not require either of diem to he pu<suod ; for in directing process, the law alwa.vs supposes the Defendant may have some defence to make— where he can have none, it is useless and nugatory <0 issue) process to hint. In every possihio ease at the com *347 mon law, where the Defendant omits to plead want of assets, whether it happen by confession of (he action, judgment by default, or otherwise, such omission amounts to an admission of assets. Il must be deemed that there are assets enough, when the executor whom- business it is, will not say the contrary. And when a judgment is once given against an executor, who has assets enough, lie is boiM.tf to produce them, or pay the judgment himself de bonis propriis. 3 Term 683. To permit the Defendant to plead a want of assets, after the proper time for pleading is passed, is not only against that order which in all cases is observed, but it tends to make proceedings in court infinite ; and to introduce delays, which the order of pleading was invented to prevent — and besides, to what time wifi such a pica after judgment, relate? If it relate to the time when it is put in, then the assets may have been applied in the intermediate time in discharge of other debts. This enables the executor, after suit instituted against him, <n«i «••-en after judgment upon it, to pay othci credit.,e- ; which is directly against law ; for after suit instituted, be cannot, voluntarily, pay any other creditoi of equal degree first. Or will it relate to the time when process in the original suit was first taken out? Shaft toe plea stale that at .he time of the leading process in the first suit taken out, or any time since, he had not in his hands any of the goods, &c. of the testator to be administered ? I! this must be stated, then why not inforce him t ■ plead in the first instance ? Is it not better that he should do so and shew his situation at once, than put the Plaintiff.to the fruitless expence of a second suit by sd.fa. It would be better, asil would save the additional rxpi',we and litigation of a second suit — that is a strong argiu’-e, t to prove that the law requires it. It cannot be sum med in a case which so often happens, that the law has 'nit fix-d upon that mode of conducting the pleadings, that is best calculated to oust delays and preveut litigation and expense-and then what reason can there be, why a special ji.fa. in ievy de bonis testatoris si et si non de bonis propriis- shaft not issue at once ? The return of nulla bona i-, then as complete a proof of a devastavit, as if that, were returned expressly; for, if by the previous judgment m-.e proceedings, it appears to the court lie has assets, ami i- oo-..id to produce them or pav the debt— and also by the Sheriff’s return of nulla bona, that he has *348 not produced them, does it not follow, that he is by what already appears upon record, liable de bonis 'propriis.-Does the record not prove, that he has no other alternative, and can make no plea to exempt his own proper goods ? The return of nulla bona proves his liability as completely as that of a devastavit, since both must inevitably end in the same consequence — that of an execution de bonis propriis. It cannot therefore, be of any service to the Defendant to require a sci. fa. or a return of a de-vastavit — they can be no more than forms leading to the same event, as that of a special^, fa. issued upon a return of nulla bona — and as the sci, fa. grounded immediately upon the return of nulla bona, or upon the finding of nulla bona upon a sci. fa. inquiry, can be of no service whatever to the Defendant, as he cannot avail himself of the plea of plene administravit tinder tln m, not having done it before, there is no good legal reason for using these modes preferably to that of a special jft fa- upon the return of nulla bona — the ultimate proceeding either way will turn out the samé thing — and nothing more will be gained by the sci. fa. than a few terms longer delay to the Plaintiff. But if it can be supposed the common law is not so, yet since the passing the act of 1784, there is the greatest reason and justice in the world, that the executor or administrator who fails to plead plene administra-vit. &c. should pay the debt out of bis own pocket ; for by such omission he effectually hinders the creditor from having any satisfaction out of the laud. Since therefore a further process by sd fa. against the Defendant will be of no real benefit to him, by letting him in to plead fully, administered, and as the issuing of a.special fi.fa. upon a return of nulla bona, is sanctioned by the Office of Esce-cutors, a book of high authority upon this subject, and also by the judgment in Fottifer’s case, 5 Re. 32 — and as the principle of these cases is recognized in a decision, of the court last spring at Fayetteville, let a specialJt./a. now issue, reciting the return of nulla bona, and < tun-nianding the Sheriff to I evy the debt of the goods of the intestate in the hands of the administrator if to be found, and if not to be found, then of the proper goods of the administrator himself — which was done accordingly-
Note. — Vide Parker v. Stephens, and the note thereto, ante 218,